# IN THE UNITED STATES DEFENDANT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIELLE BOND, *et. al.* )<br>)<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>)<br>)<br>)<br>FRIENDSHIP PUBLIC CHARTER )<br>SCHOOL, *et al.* )<br>)<br>    Defendants. )<br>_____) | CIVIL ACTION NO: 1:22-cv-02096 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL PLAINTIFF'S COMPLAINT AND EXHIBIT A TO PLAINTIFF'S COMPLAINT**

  COMES NOW Plaintiff Danielle Bond, (hereinafter, "Parent," "Ms. Bond," "Plaintiff D.B.," Plaintiff), as Parent and Next Friend of K.M., by and through the undersigned counsel, Stephenson Harvey, Jr., Esquire and Keith L. Howard, Esquire, hereby move this Honorable Court, pursuant to Federal Rule of Civil Procedure 7(b) and Local Civil Rules 5.1(h) and 7, for leave to file Plaintiff's Complaint and Exhibit A to Plaintiff's Complaint under seal. Defendants' counsel has not been assigned and therefore cannot be asked about Defendant's position on this motion. In support of this motion, Plaintiffs state as follows:

1. Although there is a "strong presumption in favor of public access to judicial proceedings," a district court has discretion to allow a party to file documents under seal where it determines that other factors, such as the privacy interest in sensitive information, "act to overcome this presumption." *Hardaway v. D.C. Hous. Auth.,* 843 F.3d 973, 980 (D.C. Cir. 2016).

2. In *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), the D.C. Circuit set forth six factors that district courts must consider to overcome a presumption in favor of public access to judicial proceedings:

1

(1) The need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identify of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during judicial proceedings.

*Hubbard*, 650 F.2d at 317-22; *see, e.g., Hardaway,* 843 F.3d at 980; *EEOC v. Nat'l Children's Ctr., Inc.,* 98 F.3d 1406, 1409 (D.C. Cir. 1996).

3. Under this standard, Plaintiffs should be permitted to file their Complaint and Exhibit A to the Complaint under seal, or if necessary, with redacted copies to be filed on the public record, in order to protect their privacy interests in the confidential personally identifiable information of parent and minor, including references to education records, medical evaluations and assessments of minor contained therein.

4. Plaintiff's Complaint and Exhibit A to the Complaint contain confidential and personally identifiable information about parent and student, student's IQ, disabilities, academic performance levels, mental health, emotional and behavioral conditions.

5. Application of the *Hubbard* factors illustrates that sealing, and redaction of the public filing are warranted in order to protect Plaintiffs' confidential and personally identifiable information about parent and student, student's IQ, disabilities, academic performance levels, mental health, emotional and behavioral conditions.

6. There is "no need for public access" to the detailed personal identifiable information about parent and student, along with student's mental health, emotional and behavioral conditions.  *see, e.g., Hardaway,* 843 F.3d at 980 (noting that "[t]he public has no need for access to documents that describe [plaintiff's] disability" in lawsuit brought against housing authority under the Americans with Disabilities Act, Rehabilitation Act, and Fair Housing Act).  Therefore, the first *Hubbard* factor weighs in favor of sealing and redaction.

7. "Previous access [to particular documents or information] is a factor which may weigh in favor of subsequent access." *Hubbard,* 650 F.2d at 318.  Here, in the instant case, there has been no

2

previous public access to the detailed personal identifiable information about parent and student, along with student's mental health, emotional and behavioral conditions contained in the Complaint and Exhibit A to the Complaint. Therefore, the second *Hubbard* factor weights in favor of sealing and redaction of the Complaint and Exhibit A to the Complaint. *See Hardaway*, 204 F. Supp.3d at 17.

8. "The fact that a party moves to seal the record weighs in favor the party's motion." *Harris,* 204 F. Supp. 3d at 17. Because Plaintiffs are the ones who object to public disclosure and seek sealing of their detailed personal identifiable information, along with student's mental health, emotional and behavioral conditions, the third *Hubbard* factor weighs in favor of sealing and redaction. *Hardaway, See e.g.,* 843 F.3d at 980 (allowing sealing and/or redacting of medical records and descriptions of plaintiff's disability where plaintiff "objected to their disclosure).

9. Plaintiffs have a strong privacy interest in keeping confidential their detailed personal identifiable information, along with student's mental health, emotional and behavioral conditions. *See, e.g. Hardaway,* 843 F.3d at 980 (sealing documents and noting that plaintiff "possessed[d] a strong privacy interest in keeping the details of her disability confidential"); *United States v. Amodeo,* 71 F.3d 1044, 1051 (2nd Cir. 1995)(noting that certain subjects, such as "illnesses", weigh "more heavily" against public access).

10. Under the *Hubbard* factors, Plaintiffs substantial privacy interests in protecting the details of their detailed personal identifiable information, along with student's mental health, emotional and behavioral conditions outweigh the public's need to access the Complaint and Exhibit A to the Complaint.

**CONCLUSION**

WHEREFORE, Plaintiffs request that the Court grant the Motion for Leave to File Under Seal Plaintiff's Complaint and Exhibit A to the Complaint.

Danielle Bond, as Parent and Next Friend of K.M.,
By Counsel

THE HARVEY LAW GROUP, PLLC

s/ Stephenson Harvey
Stephenson Harvey, Esq.
Bar No.: 495345
The Harvey Law Group, PLLC
P.O. Box 434
Dunkirk, MD 20754
O:202-291-2914
F: 888-858-1941
E: sharvey@theharveylawgroup.com
W: www.theharveylawgroup.com
*Attorney for Plaintiff Danielle Bond, et. al.*

&

THE LAW OFFICES OF KEITH L. HOWARD, PLLC

/s/Keith Howard
Keith Howard
Bar ID: 1617492
The Law Offices of Keith L. Howard, PLLC
19109 W. Catawba Ave. Ste. 200
Cornelius, NC 28031
O: (919) 824-0146
F: 800-341-3931
E: keithh@khowardlaw.com
W: www.khowardlaw.com
*Attorney for Danielle Bond, et. al.*

## IN THE UNITED STATES DEFENDANT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIELLE BOND, *et. al.* | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: 1:22-cv-02096 |
| | ) |
| | ) |
| | ) |
| | ) |
| FRIENDSHIP PUBLIC CHARTER | ) |
| SCHOOL, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2022, I electronically filed the foregoing MOTION FOR LEAVE TO FILE UNDER SEAL PLAINTIFF'S COMPLAINT AND EXHIBIT A TO PLAINTIFF'S COMPLAINT with the Clerk of Court using the CM/ECF system, and have verified that such filing was sent via U.S. mail to the following:

FRIENDSHIP PUBLIC CHARTER SCHOOL
1400 First St. NW Suite 300
Washington, D.C. 20001

FRIENSHIP PUBLIC CHARTER SCHOOL BOARD OF TRUSTEES
Tamika Maultsby, Director
1400 First St. NW Suite 300
Washington, D.C. 20001

FRIENDSHIP PUBLIC CHARTER SCHOOL INC.
REGISTERED AGENT:
Donald L. Hence
1400 First St. NW Suite 300
Washington, D.C. 20001


Respectfully submitted, this 11th day of August 2022.

/S/ Stephenson F. Harvey, Jr.          /S/ Keith L. Howard
Stephenson F. Harvey, Jr.              Keith L. Howard
Attorney for Plaintiff                 Attorney for Plaintiff

5